## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **CITY CHURCH,** | ) | Case No. 21-30161 |
| | ) | |
| Debtor. | ) | |

### STIPULATION BETWEEN DEBTOR AND HERRING BOND TRUSTEE

**NOW COMES** City Church, the above-captioned debtor and debtor in possession (the "Debtor") and Herring Bank (the "Bond Trustee"), as Trustee for the benefit of the Bondholders of University City Church (the "Bondholders"); by and through the undersigned counsel, and in consideration of this Stipulation, hereby state as follows:

Background

1. Debtor filed its Chapter 11 Bankruptcy petition on March 27, 2021 ("Petition Date").

2. The Debtor filed its *Plan of Reorganization Pursuant to § 1190 of the Bankruptcy Code* on June 25, 2021 [ECF No. 36]. Subsequently, the Debtor filed its *Amended Plan of Reorganization* on August 9, 2021 [ECF No. 62] (the "Plan").

3. The Bondholders received proper notice of the Plan and was provided for therein in Class 5 as an allowed secured claimholder.

4. The Bondholders were further provided for therein in Class 6 as a general unsecured claim holder.

5. On July 19, 2021, the Bond Trustee timely filed ballots rejecting the Plan as to both the Bondholders' secured and unsecured claims [ECF Nos. 49 and 50].

6. On July 23, 2021, the Bond Trustee timely filed its *Objection to Confirmation* of the Plan [ECF No. 52] (the "Objection").

4873-8544-8196, v. 4

7. Since filing its Objection, the Bond Trustee and the Debtor have continued negotiations as to the acceptable treatment of the Bondholders' claims in the Plan.

Debtor Proposal and
Bondholder Vote Conducted Per Contractual Terms

8. With cooperation and involvement from the purchasing entity, the Debtor ultimately requested that the Bond Trustee consent to the following terms (the "Proposal"):

   a. An entity owned by Mr. Jake Palillo (the "Purchaser") will purchase the real property owned by the Debtor at 1994 University City Church Drive, Huntersville, NC 28078;

   b. The purchase price will be $5,500,000.00;

   c. The Purchaser will have sixty (60) day period for inspection of the Property;

   d. The Purchaser will have an additional sixty (60) day period to close on the purchase;

   e. Standard costs of transfer, in amounts to be approved by the Bond Trustee, may be deducted from the purchase proceeds;

   f. The remaining proceeds will be delivered to the Bond Trustee for payment of the secured claim of the Bondholders.

9. Pursuant to the terms of the bond indenture [POC No. 12, Attachment 5] (the "Indenture"), the Bond Trustee is contractually obligated to follow set procedures prior to accepting a modification of the payment terms of the Indenture. *See* Section 1102, Indenture.

10. Specifically, the Indenture requires that *every* Bondholder consent to any amendment that would chain the terms of payment. *Id*.

11. In compliance with the Indenture, the Bond Trustee provided notice of the Proposal to Bondholders and requested that Bondholders respond with an affirming or dissenting vote to

the poll. A copy of the Bondholder letter is attached hereto as <u>Exhibit A</u> (the "Bondholder Letter") and incorporated herein by reference.

12. As permitted by the Indenture, the Bondholder Letter notified Bondholders that if a Bondholder (or multiple Bondholders) voted against the Proposal, then the parties could choose to satisfy the claim amounts of the dissenting Bondholder. By doing so, the dissenting votes would be removed from the poll results.

13. A total of 8 Bondholders returned "no" votes to the poll. The amount necessary to satisfy the claims of the 8 Bondholders will increase as interest continues to accrue. (Such amount shall be referred to herein as the "Satisfaction Payment"). If the Satisfaction Payment occurred on January 31, 2022, the amount would be $69,974.70. As a point of reference, the total amount due to the Bondholders as of the Petition Date was $7,446,162.09. The dissenting Bondholders hold less than 1% of the total Bondholder claims.

14. The Purchaser has now agreed to satisfy the claims of the dissenting Bondholders and issue the Satisfaction Payment. The Satisfaction Payment is to be made separate and apart from any payment due from the Purchase under the terms of the Proposal.

15. As a result of the Satisfaction Payment:

    a. The dissenting votes to the Bondholder poll will be resolved and removed;

    b. The Bond Trustee will be able to vote in favor of the Plan, as to be amended by the Debtor;

    c. The dissenting Bondholders will be paid in full from non-Debtor assets;

    d. The remaining Bondholders will each receive a greater portion of proceeds than they originally voted to approve. This is because the dissenting Bondholders will

      be removed from the pool and the pro rata share of each remaining Bondholder will increase.; and

    e. The occurrence of the Satisfaction Payment will have no impact on the calculation of quarterly fees. This is a Subchapter V case and quarterly fees are not assessed.

16. For the avoidance of doubt, the transfers listed herein would constitute the full payments due to the Bondholders.

17. Before moving forward with this approach, it is important to all parties that this course of action be transparent and that the Court have an opportunity to review this proposed resolution before the Purchaser issues any amount to dissenting Bondholders.

18. If the Court permits the Satisfaction Payment to occur, and the Purchaser timely issues the Satisfaction Payment to the dissenting bondholders, which shall include any and all associated interest and fees then-due, the Bond Trustee will vote "yes" to the Plan.

19. Upon the payment of (i) the Purchase Price in the amount of $5,500,000.00 to Herring Bank as the Bond Trustee and (ii) the Satisfaction Payment, in the amount due at the time the transfer is made, to the dissenting bondholders, the Bondholder Proof of Claim #12 filed on June 7, 2021, in the amount of $7,446,162.09 will be deemed to have been completely satisfied.

**THEREFORE, INTENDING TO BE LEGALLY BOUND, IT IS HEREBY STIPULATED AND AGREED** as follows:

1. The Plan is hereby Amended as to the Bond Trustee per the terms of this Stipulation;

2. In consideration of the foregoing amendments, the Bond Trustee will vote in favor of the Plan <u>provided however</u> that (i) the Court allows the Satisfaction Payment to occur, (ii) the

4873-8544-8196, v. 4

Satisfaction Payment is timely delivered, and (iii) the amendments are provided in any Confirmation Order approving and confirming the Plan;

3. That the Court shall have exclusive jurisdiction to implement and enforce the terms and provisions of this Stipulation; including any disputes with respect to this Stipulation.

Dated: Charlotte, North Carolina
December 22, 2021

**STIPULATED AND CONSENTED TO BY:**

/s/ *Robert Lewis, Jr.*
Robert Lewis, Jr., State Bar No. 35806
THE LEWIS LAW FIRM, PA
Po Box 1446
Raleigh, NC 27602
Telephone: (919) 987-2240
Rlewis@thelewislawfirm.com
*Attorney for the Debtor*

/s/ *Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach (Bar No. 41929)
525 N. Tryon St., Ste. 1400
Charlotte, NC 28202
Telephone: (704) 344-1117
Facsimile: (704) 344-1483
mraubach@lawhssm.com
*Counsel for Herring Bond Trustee, as Trustee for the Benefit of the Bondholders of University City Church*

/s/ *Michael T. Bowers*
Michael T. Bowers
219 A Wilmot Drive
Gastonia, NC 28054
Telephone: (704) 867-2394
Fax: (704) 867-5303
mbowers@mbcpafirm.com
*Subchapter V Trustee*

4873-8544-8196, v. 4