IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | BANKR. NO. 21-30161 |
| CITY CHURCH, ) | |
| ) | Chapter 11, Subchapter V |
| DEBTOR. ) | |
| ) | |

## UNITED STATES' OBJECTION TO DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION (Subchapter V) (Doc. 78)

The United States of America, on behalf of its agencies, the Internal Revenue Service ("IRS") and the Small Business Administration ("SBA"), by and through its undersigned counsel, respectfully objects to Debtor's Second Amended Chapter 11 Plan of Reorganization (Subchapter V) and, in support of its objection, states the following:

1. In the Debtor's first proposed plan, the IRS and the SBA were to be paid in full. It now appears that, in the first proposed plan, the Debtor was valuing its real property more than its true market value.

2. Subsequently, it was represented that an amended plan would be a consensual plan and therefore should be set on for confirmation hearing on a regular Chapter 11 motions day.

3. On Christmas Day, 2021, Debtor filed a Second Amended Plan. This Second Amended Plan treated the claims of the IRS and SBA as impaired.

4. On December 27, 2021, Debtor filed a Motion for Sale of Property (Doc. 79) which sought broad exculpation and injunctive protections for the "buyer(s)" of the Debtor's property proposed for sale. This novel concept never was part of any consensually negotiated part of this bankruptcy proceeding, at least to the knowledge of the undersigned.

5. Despite the holidays and other impediments to rapid communications, the undersigned has been able to communicate with the United States' two creditor agencies, and both the IRS and the SBA object to confirmation of the Second Amended Plan.

6. The Second Amended Plan provides the following for payment of the IRS's Priority claim in accordance with the Code:

> All unpaid principal and accrued interest due and owing on account of Class 2AP Claims (IRS Priority Claims), to the extent not otherwise paid during the Plan, shall be fully due and payable in cash on the fifth (5th) anniversary of the Petition Date.

The Second Amended Plan does not provide similar language providing for payment of the IRS's Secured claim in accordance with the Bankruptcy Code. Both the IRS's secured and priority claims should be paid in accordance with the Bankruptcy Code.

7. The Second Amended Plan provides the following for payment of the SBA's secured claim :

> This class is impaired.
>
> Treatment: The Debtor will pay the secured portion of this claim in full on the Effective Date from a donation to the church. If the donation is not made then the Debtor will pay the secured claim in the amount of $36,393.00 over a period of sixty (60) months commencing on the 15th day of the first full month after the plan is confirmed. For feasibility purposes the Debtor will pay the SBA $806.00. The SBA's unsecured claim will be paid *prorata* in Class 6 along with the other general unsecured claims.

This language does not specify that the Debtor will pay the SBA $806.00 per month over a period of sixty months insofar as there is a sentence simply stating "the Debtor will pay SBA $806.00." The language of the Second Amended Plan should pay SBA according to the Bankruptcy Code.

8. The Second Amended Plan describes the proposed purchaser of the Debtor's property as "the purchaser of its real property, Jake Palillo". Elsewhere in the Second Amended Plan, in the discussion of Class 5, the proposed purchaser is described in the following words: "An entity owned by Mr. Jake Palillo (the "Purchaser") will purchase the Property;". (Doc. 78 at 8.) In the Debtor's Motion for Sale, the following is identified as the Buyer of Debtor's real property: "Bi Part Development, LLC". (Doc. 79 at 3, ¶ 10). The Second Amended Plan should clarify the identity of the proposed purchaser of the Debtor's property.

WHEREFORE, the United States objects to confirmation of the Debtor's Second Amended Plan and respectfully requests that this matter be set for hearing on a special setting, rather than on the Court's regular chapter 11 motions day.

Respectfully submitted,

**DENA J. KING**
United States Attorney

**s/ JAMES M. SULLIVAN**
ASSISTANT UNITED STATES ATTORNEY
NC Bar No. 17811
227 West Trade Street
Carillon Building, Suite 1650
Charlotte, NC 28202
TEL: 704-344-6222
FAX: 704-344-6629
JAMES.SULLIVAN2 @USDOJ.GOV