THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **City Church** | ) | Case No. 21-30161 |
| **fdba Full Gospel Fellowship Church,** | ) | |
| **University City Church, Full Gospel** | ) | |
| **Ministries,** | ) | |
| | ) | |
| Debtor. | ) | |

**OBJECTION OF HERRING BANK, AS TRUSTEE FOR THE BENEFIT
OF THE BONDHOLDERS OF UNIVERSITY CITY CHURCH, TO DEBTOR'S
MOTION FOR PRIVATE SALE OF REAL PROPERTY OUTSIDE THE
ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS AND
<u>OTHER INTERESTS PURSUANT TO 11 U.S.C. § 363</u>**

Herring Bank, as Trustee for the benefit of the Bondholders of University City Church (the "Bank"), a creditor in the above-captioned chapter 11 case, by and through its undersigned counsel, hereby objects (the "Objection") to the *Motion for Private Sale of Real Property Outside the Ordinary Course of Business Free and Clear of Liens and Other Interests Pursuant to 11 U.S.C. § 363* [Doc. 79] (the "Motion") filed by City Church (the "Debtor") in this case.  In support of this Objection the Bank respectfully represents as follows:

**A.    <u>History</u>**

1.      On March 27, 2021 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code (the "Voluntary Petition") in this Court.  Since the Petition Date, the Debtor has remained a debtor-in-possession pursuant to 11 U.S.C. § 1184.

2.      On June 25, 2021 the Debtor filed a first proposed Plan of Reorganization [Doc. 36] (the "First Plan").

4860-9273-8058, v. 2

3.	On July 23, 2021, the Bank filed an objection to the First Plan [Doc. 52] (the "Plan Objection").

4.	Thereafter, the Debtor and the Bank continued their negotiations as to potential plan treatment.

5.	On December 22, 2021, the Bank filed a Stipulation, which was intended to summarize agreed-upon terms for the Bank's treatment in a Plan of Reorganization [Doc. 77] (the "Stipulation").  The Debtor joined with the Bank in submitting the terms of the Stipulation for review and approval.

6.	On December 27, 2021, the Debtor filed the Motion to sell real property located at 1994 University City Church Drive, Huntersville, North Carolina (the "Property").

7.	In the Motion, the Debtor proposed that the Property be sold "free and clear of liens and other interests in property with liens and encumbrances, if any, to attach to proceeds pursuant to 11 U.S.C. § 363(f)".

8.	It appears that certain terms of the Motion contradict the agreement set forth in the Stipulation.

**B.	The Bank's Claim**

9.	On or about December 31, 2015, Debtor executed a First Mortgage Trust Indenture and Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing in favor of the Bank (the "Deed of Trust").

10.	Pursuant to the terms of the Deed of Trust, the Debtor granted a security interest to the Bank in the Property.

11.	The Bank filed a proof of claim in the instant case on June 7, 2021 in the amount of $7,446,162.09.

4860-9273-8058, v. 2

C.     **The Objection**

12.     The Bank objects to the Motion as failing to satisfy the requirements of the Bankruptcy Code.

13.     The Bank objects to the Motion as contradicting the agreed-upon terms of the Stipulation.

14.     As more fully stated in the objection to the Motion filed by the United States of America at Doc. 86, the Motion includes an injunctive clause, which is not supported by law and has not been agreed upon by the parties in this case.

15.     The Motion states a specific amount required to satisfy the claims of the dissenting bondholders.  As more fully explained in the Stipulation, and as agreed by the Debtor in the Stipulation, the amount due to the dissenting bondholders is subject to change as fees and interest accrue.

16.     The Motion includes a provision for payment of the realtor's commission.  The Debtor filed an Application to Employ Realtor [Doc. 27] in this case, to which the Bank objected [Doc. 30].  No hearing has yet been held to resolve the objection or approve the fee.  This Motion should not be permitted to circumvent resolution of that application and objection.

17.     The Motion includes a provision which could permit the payment of administrative expenses, such as Debtor's counsel's attorney fees, from the sale proceeds prior to distributing the remainder to the Bank.  This provision was not agreed to by the parties and would make a material change to the terms of the Stipulation.

**WHEREFORE**, based on the foregoing and such other objections as the Bank may raise at a hearing on the Motion, the Bank respectfully requests that this Court (a) deny the Motion; and (b) grant such other and further relief as the Court deems just and proper.

4860-9273-8058, v. 2

Dated:  Charlotte, North Carolina
       January 20, 2022

                      HAMILTON STEPHENS
                      STEELE & MARTIN, PLLC

                      /s/ *Melanie D. Johnson Raubach*
                      Melanie D. Johnson Raubach (Bar No. 41929)
                      525 N. Tryon St., Ste. 1400
                      Charlotte, NC 28202
                      Telephone:  (704) 344-1117
                      Facsimile: (704) 344-1483
                      mraubach@lawhssm.com
                      *Counsel for Herring Bank, as Trustee for the*
                      *Benefit of the Bondholders of University City*
                      *Church*

4860-9273-8058, v. 2

THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **City Church** | ) | Case No. 21-30161 |
| **fdba Full Gospel Fellowship Church,** | ) | |
| **University City Church, Full Gospel** | ) | |
| **Ministries,** | ) | |
| | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date copies of the *Objection of Herring Bank, as Trustee for the Benefit of the Bondholders of University City Church, to Debtor's Motion for Private Sale of Real Property Outside the Ordinary Course of Business Free and Clear of Liens and Other Interests Pursuant to 11 U.S.C. § 363* were served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case.


Dated: Charlotte, North Carolina
January 20, 2022

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

*/s/ Melanie D. Johnson Raubach*
Melanie D. Johnson Raubach (Bar No. 41929)
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone:  (704) 344-1117
Facsimile:   (704) 344-1483
mraubach@lawhssm.com
*Counsel for Herring Bank, as Trustee for the Benefit of the Bondholders of University City Church*

4860-9273-8058, v. 2