UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No. 21-30161 |
| CITY CHURCH, | ) |
| | ) Chapter 11, Subchapter V |
| | ) |
| Debtor. | ) |

## OBJECTION TO CHAPTER 11 PLAN

The Office of the United States Bankruptcy Administrator for the Western District of North Carolina ("Bankruptcy Administrator") objects (the "Objection") to the Debtor's *Third Amended Chapter 11 Plan of Reorganization (Subchapter V)* filed on May 21, 2022 [ECF No. 106] (the "Plan"), and says:

1. The Plan reflects the Debtor's intention to sell its real estate and utilize the sale proceeds along with income generated from its operations and third-party donations to fund the Plan.

2. The real property sale contemplated by the Plan was previously approved by entry of the Order Granting Debtor's Motion for Private Sale of Real Property Outside the Ordinary Course of Business Free and Clear of Liens and Other Interests Pursuant to 11 U.S.C. § 363 (the "Sale Order").

3. The transaction approved by the Sale Order has not closed but is anticipated to close on or soon after July 5, 2022. Excess funds from the $300,000 provided by Jake Palillo to pay certain claims identified in the Plan (to the extent not paid at closing) will be held by Michael Bowers, subchapter V trustee, pending further order of the Court regarding application of such funds or return to Palillo.

4. The Debtor filed projections on June 10, 2022 [ECF No. 113] and June 13, 2022 [ECF No. 114]. Portions of the later filed exhibits are not visible on the docket due to the page orientation.

5. The projections do not appear to reflect the reality of the Debtor's pre-confirmation operations as reflected in the monthly operating reports.

    (a) The projected revenues appear to be overstated, and an anticipated 10% increase in giving in November 2022 may be unrealistic. The projections through November 2022 reflect $4,000.00 in facility rental income. Based on communications in advance of closing on the sale, it is unclear whether facility rentals would be income to the Debtor or to the new owner of the Debtor's real property.

    (b) The Debtor has enjoyed a long period with no payments on its bond obligations, and it is unclear whether it will be able to afford to rent a new facility absent a decrease in expenses.

6. The Debtor has the burden of proving feasibility under 11 U.S.C. § 1129(a)(11), made applicable in this case by 11 U.S.C. § 1191. The monthly status reports filed in this case do not support a conclusion that the Debtor's plan is feasible, in which case the Plan cannot be confirmed. Alternatively, the Debtor should provide such other evidence of the Debtor's ability to perform under the Plan if approved.

7. The Plan only proposes to make payments over 3 years. Given the minimal dividend for unsecured creditors, the Court should fix a term of 5 years for the Plan.

8. No certificate of service has been filed to reflect the mailing of ballots to creditors to vote on the Third Amended Plan – only a notice of the deadline to vote so was

docketed on June 9, 2022. The Debtor has not filed a ballot report. The Debtor may not rely on prior ballots cast in favor of the Second Amended Plan in light of the significant reduction in payments to general unsecured creditors in the current Plan.

9. The notice docketed on June 9, 2022, provided less than 28 days' notice of confirmation as required by Rule 2002(b) of the Federal Rules of Bankruptcy Procedure, although the continuance of the confirmation hearing may address this issue.

Wherefore, the undersigned asks that the Court sustain this Objection, deny confirmation of the Debtor's Plan, and grant such other and further relief as the Court deems just and proper.

Dated: July 1, 2022.

/s/ Shelley K. Abel
Shelley K. Abel
Bankruptcy Administrator
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC  28202-1669
N.C. Bar #34370
Telephone: (704) 350-7587  Fax: (704) 344-6666
Email: shelley_abel@ncwba.uscourts.gov