UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re<br><br>CITY CHURCH<br>Fdba: Full Gospel Fellowship Church,<br>fdba: University City Church, fdba:<br>Full Gospel Ministries<br><br>Debtor. | Chapter 11 Sub V<br><br>Case No. 21-30161 |

### RESPONSE TO MOTION FOR TURNOVER AND SANCTIONS

COMES NOW, Workmanship, LLC ("Workmanship") by and through undersigned counsel and herby responds to Debtor's Motion for Turnover and Sanctions [Doc. 192]. Workmanship, LLC respectfully asserts that Debtor's Motion should be denied because the property that is the subject of the Debtor's Motion was acquired by Workmanship in a Court approved sale. In opposition to the Debtor's Motion, Workmanship shows unto the Court as follows:

### A. *Debtor's Petition & Scheduled Assets*

1. The Debtor filed its Chapter 11 petition on March 27, 2021.

2. On July 7, 2021 the Debtor filed its "Schedule A" disclosing its assets in this bankruptcy case [Doc 41]. A true and accurate copy of the Debtor's filed Schedule A is attached hereto as "**Exhibit A**".

3. On "Part 9" the Debtor's Schedule A it identified certain real property located at 11901 Sam Furr Road, Huntersville NC, 28078. (the "Church Facility") [Doc 41] p. 8.

4. The Church Facility includes a lobby area, two professional catering kitchens, café/dining area, gymnasium, and 2,300-seat auditorium along with offices, meeting rooms, and exterior fields and playground equipment.

5. In addition to the Church Facility, on Schedule A, the Debtor disclosed various personal property which the Debtor classified under Part 7 "Office furniture, fixtures, and equipment; and collectables"; and Part 8 "Machinery, equipment, and vehicles."[Doc 41.] pp. 6-7"

6.      Upon information and belief, at the time of the filing of the Debtor's Schedules, most, if not all of the scheduled property was located in or at the Debtor's Church Facility and constituted fixtures, appurtenances, improvements and/or contents thereof.

**B.    AV&L Equipment**

7.      The Debtor's present Motion seeks turnover of certain "audio, visual and lighting equipment." (the "AV&L"). Upon information and belief, the AV&L includes more than 100 separate component parts including speakers, microphones, stage monitors, power sources, and amplifiers as reflected on the list attached hereto as "**Exhibit B.**"

8.      Upon information and belief, the AV&L is worth in excess of $200,000.00 and may be worth as much as $300,000.00. Until December 24, 2022, the AV&L was located in the auditorium of the Church Facility where it had been regularly used as part of the sound and lighting system for presentations therein.

9.      The Debtor did not separately schedule the AV&L, as part of the Scheduled Personally Property and upon information and belief, it did not ever otherwise identify or disclose the AV&L to the Court or the Trustee as part of its bankruptcy case. See *Trustee's Notice of Non Disclosure of Assets* [Doc 197].

10.    For clarity, despite having multiple opportunities to do so, the Debtor *repeatedly* failed to disclose the AV&L to the Court over the entire pre-confirmation life of this bankruptcy case including in the following filings:

    a.  original bankruptcy schedules filed in March 2021 (not on Schedule A/B);

    b.  Plan of Reorganization filed June 25, 2021 [Doc. 36], in which it relied on the liquidation value of its assets in proposing a distribution to (not in its asset listing [Doc. 36-1]);

    c.  Amended Schedules filed July 2, 2021 [Doc. 41], (not on amended Schedule A/B);

    d.  Amended Chapter 11 Small Business Plan filed 8/9/21 [Doc. 62] (not on its asset list [Doc. 62-1]);

    e.  Second Amended Chapter 11 Plan of Reorganization filed on December 25, 2021 [Doc. 78] (not on its asset list [Doc. 78-1]);

    f.   Third Amended Chapter 11 Plan of Reorganization filed on April 27, 2022 [Doc. 102], subsequently withdrawn [Doc. 105];

    g.   Third Amended Chapter 11 Plan of Reorganization filed May 21, 2022 [Doc. 106] (not on its asset list [Exhibit A; Doc 107]);

    h.   Third Amended Chapter 11 Plan of Reorganization filed July 19, 2022 [Doc. 127] (not on its asset list [Exhibit A; Doc 127-1]);

11.    Pastor Stevens signed all of these documents on the Debtor's behalf; the original and amended Schedules A/B explicitly warn that they are signed under penalty of perjury.

C.    *Refrigerators and Playground Equipment*

12.    While not mentioned in its Motion, upon information and belief, the Debtor also maintains that a dispute exists as to certain "commercial refrigerators" ("Refrigerators") that are located in the Church Facility. See *Order Maintaining the Status Quo* [Doc 202].

13.    The Refrigerators are part of the Scheduled Personal Property. They appear on "Part 7" of the Debtor's Schedule A under the heading "Office furniture, fixtures, and equipment, and collectables." For "Commercial Refrigerator 2" the Debtor scheduled a value between $900.00 and $1,800.00. For "Mini Commercial Refrigerator 1" the Debtor scheduled no value.

14.    Additionally, upon information and belief, the Debtor has asserted ownership rights over, and has sold playground equipment that was present on and secured to the Church Facility grounds. ("Playground Equipment").

15.    The Debtor did not separately schedule the Playground Equipment, and upon information and belief, it did not ever otherwise identify or disclose the Playground Equipment to the Court or the Trustee as part of its bankruptcy case despite having more than eight separate opportunities to do so. See *Trustee's Notice of Non Disclosure of Assets* [Doc 197]; paragraph 10(a)-(h) *supra*.

.

D.    *Sale of the Church Facility & Leaseback*

16.    As part of the Debtor's bankruptcy case and reorganization, it petitioned the Court to approve a private sale of the Church Facility *Motion for Private Sale* [Doc 79]. A true and

accurate copy of the *Motion for Private Sale* along with all exhibits thereto is attached hereto as **"Exhibit C"**

17. The Debtor retained The Knox Group as realtor to sell the Church Facility. Upon information and belief, in order to sell the Church Facility, The Knox Group, with the Debtor's authorization put together certain marketing brochures and materials ("Marketing Materials"). Attached hereto as "**Exhibit D**" is a true and accurate copy of said Marketing Materials.

18. The Marketing Materials include color photographs that depict the auditorium including the AV&L equipment and the kitchens including the Refrigerators.

19. The Marketing Materials also reference that the Church Facility included a "playground."

20. The sale ultimately proposed by the Debtor's Motion was a private sale to Bi-Part Development, LLC for the price of $5,500,000.00. Attached to the Debtor's *Motion for Private Sale* as exhibit A was an *Agreement for Purchase and Sale of Improved Real Property* ("Sale Contract") which set out the terms of the proposed sale.

21. The Sale Contract explicitly defined the Property being sold as "1994 University City Church Drive, Huntersville, NC 28078 **and all improvements and contents** . . . together with all buildings and improvements . . . and all **fixtures** and appurtenances thereto." See Sale Contract Section I.

22. This Court granted the Debtor's Motion for Private Sale in an Order entered February 7, 2022. [Doc 95] ("Sale Order"). In the Sale Order the Court granted Debtor's Motion to engage in a sale under the terms of the Sale Contract. See [Doc 95] pp. 3-4.

23. The sale subsequently closed, and the Church Facility was conveyed to Bi-Part via a deed recorded on July 8, 2022 at Book 37486 Page 50 of the Mecklenburg County Register of Deeds ("City Church Deed"). A true and accurate copy of the City Church Deed is attached hereto as **"Exhibit E."**

24. On August 1, 2022, Bi-Part conveyed to Workmanship the same interest in the Church Facility that it had acquired under the City Church Deed less than a month earlier. The deed conveying the Church Facility from Bi-Part to Workmanship is recorded at Book 37544 Page 298 of the Mecklenburg County Register of Deeds ("Bi-Part Deed). A true and accurate copy of the Bi-Part Deed is attached hereto as "**Exhibit F.**"

25. Following the sale of the Church Facility, Bi-Part entered into a lease with the Debtor that allowed the Debtor to remain at and use the facility, its offices and other areas after the sale, **rent-free** for a period of six (6) months. A true and accurate copy of the Lease Agreement entered between Debtor and Bi-Part is attached hereto as "**Exhibit G.**"

26. Upon its acquisition of the Church Facility, Workmanship has, at all times, honored the terms of the Lease Agreement. It has not charged the Debtor any rent for its time in the Church Facility--i.e. July through December 2022.

27. The Debtor's Plan of Reorganization was confirmed by Order of this Court entered November 10, 2022. ("Confirmation Order") [Doc 171]. Under the Confirmation Order, this Court retained jurisdiction to resolve any motions and contested matters that are pending as of the date of substantial confirmation.

### E.　*Debtor Wrongly Asserts Ownership Rights Over Sold Property*

28. Before the Confirmation Order even became a final order and the 14-day time for appeal had run, the Debtor began taking actions to assert ownership over the AV&L and Playground Equipment inconsistent with the terms of the Sale Contract and Sale Order. These included:

   a. On or about November 22, 2022, Pastor Stevens of City Church met with Nicole Bryan and Melissa Gibbs of Workmanship and, for the first time, offered to sell Workmanship the AV&L Equipment.

   b. Pastor Stevens indicated at that meeting that City Church needed to wait until November 24—i.e. fourteen days after the Confirmation Order was entered, before it could enter into the sale. In response, Ms. Bryan informed the Pastor that the AV&L already belongs to Workmanship by virtue of the terms of the sale.

   c. On or about December 24, 2022, ahead of the expiration of its lease, the Debtor had its members and volunteers remove from the Church Facility all of the AV&L that they were able to unplug, detach, and take. The only remaining equipment left in the auditorium are three columns of speakers and the lights attached to the walls and ceilings that were out of reach of the Debtor's volunteers.

   d. On or about December 27, 2023 City Church contracted Donnie Haulk of AE Global Media to find a way to remove the remaining AV&L equipment, so that it could sell the equipment to an outside broker.

  e. On or about January 14, 2023, the Debtor sold Playground Equipment that is cemented into the ground at the Church Facility. Workmanship arrived to discover heavy machinery being used to remove cemented-in Playground Equipment. The grounds of the Church Facility were damaged by this extraction.

  f. The Playground Equipment was being removed because the Debtor sold the equipment to a third-party for $4,500.00 and told the third-party that it could come pick up the equipment. Attached hereto as **"Exhibit H"** is a true and accurate photograph taken on January 14, 2023 of the removal of the Playground Equipment. At present, of the Playground Equipment only four poles and a canopy remain in the ground at the Church Facility.

 29. On or about January 1, 2023, Debtor filed the present *Motion for Turnover and Sanctions*. Via the Motion the Debtor:

  a. wrongly asserts that the "sales agreement did not involve the Debtor's personal or business property." This is in flat contravention to the terms of the Sale Contract incorporated into the Sale Order approved by this Court which explicitly included several categories of personal property including fixtures, improvements, and contents of the Church Facility.

  b. seeks turnover of the AV&L Equipment from Workmanship—i.e. equipment that the Debtor is currently in possession of because the Debtor wrongly removed it from the Church Facility back on December 24, 2022.

  c. requests this Court to sanction Workmanship for "taking possession of the Debtor's (AV&L) property without leave of Court."

 30. At an initial hearing held on the Debtor' Motion on January 25, 2023, Workmanship learned for the first time that the Debtor now also asserts an ownership interest in the Refrigerators and possibly other personal property contained within the Church Facility.

 31. The Debtor **does not own any of this property.** It is all part of the improvements, fixtures and contents of the Church Facility that passed to Bi-Part by way of the Court approved sale, and that was subsequently conveyed by Bi-Part to Workmanship.

**F.** ***The Motion should be denied. The Debtor sold the AV&L Equipment, the Refrigerators, and the Playground Equipment as part of the sale approved by Order entered February 2, 2022 [Doc. 95].***

32. The Sale Contract explicitly defined the Property being sold as "1994 University City Church Drive, Huntersville, NC 28078 **and all improvements and contents** . . . together with all buildings and improvements . . . and all **fixtures** and appurtenances thereto." See Sale Contract Section I.

33. This Court granted the Debtor's Motion for Private Sale in an Order entered February 7, 2022 ("Sale Order") [Doc 95]. In the Sale Order the Court granted Debtor's Motion to engage in a sale under the terms of the Sale Contract. [Doc. 95 pp. 3-4].

34. The Debtor **does not own any of this property.** It is all part of the improvements, fixtures and contents of the Church Facility that passed to Bi-Part by way of the Court approved sale, and that was subsequently conveyed by Bi-Part to Workmanship.

35. Given this, no basis for the requested turnover or sanction exists under the Bankruptcy Code. The Debtor's Motion should be denied.

G. *The Debtor should be judicially estopped from asserting that the Equipment is "personal or business property."*

36. The Debtor's failure to disclose to the Court the AV&L Equipment and Playground Equipment as the Debtor's personal or business property is inconsistent with its position now because failure to disclose an asset to the Court is tantamount to a representation to the Court that no AV&L existed.

37. The Debtor should be judicially estopped from asserting an ownership interest in the AV&L and Playground Equipment for purposes of its present Motion.

H. *Relief Sought*

Based upon the foregoing, respondent Workmanship, LLC respectfully requests the Court enter an Order that:

1. DENIES the Debtor's Motion for Turnover and Sanctions;

2. Declares that under the terms of the Sale Contract as incorporated by the Court's Sale Order, Workmanship, LLC is the rightful owner of the AV&L Equipment, Refrigerators, Playground Equipment and other fixtures, improvements, and contents of the Church Facility;

3. Orders the Debtor to return immediately, and in good working order, the AV&L Equipment it has previously removed from the Church Facility;

4. Orders the Debtor to turnover to Workmanship all proceeds it received for the sale of the Playground Equipment;

5. Permanently enjoins the Debtor from taking any further action to remove property, fixtures, improvements, and/or contents from the Church Facility or to assert ownership over any of the same;

6. Retains jurisdiction over this matter to hear any subsequent Motion from Workmanship with regard to any failure on the part of the Debtor to comply with items 3-5 above;

7. Or alternatively provides Workmanship with stay relief, and/or relief from any applicable discharge injunction so that Workmanship may pursue its post-petition claims against City Church in an appropriate forum; and

8. Provides such other and/or further relief as the Court deems just.

This the 1st day of February, 2023

**ESSEX RICHARDS, P.A.**

__/s/David R. DiMatteo_____
David R. DiMatteo
NC Bar No. 35254
1701 South Boulevard
Charlotte, North Carolina 28203
Tel: (704) 377-4300
Fax: (704) 372-1357
E-mail: ddimatteo@essexrichards.com
*Attorney for Workmanship, LLC*

**CERTIFICATE OF SERVICE**

8

I hereby certify that on the 1st day of February, 2023, I electronically filed the foregoing **RESPONSE TO DEBTOR'S MOTION FOR TURNOVER AND SANCTIONS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties registered for ECF notices.

    /s/David R. DiMatteo
David R. DiMatteo
NC Bar No. 35254
Essex Richards, P.A.
1701 South Boulevard
Charlotte, North Carolina 28203
Tel: (704) 377-4300
Fax: (704) 372-1357
E-mail: ddimatteo@essexrichards.com
*Attorney for Workmanship, LLC*